**ALLIED–SIGNAL AEROSPACE COMPANY, Garrett Engine Division and Garrett Auxiliary Power Division, Plaintiff,**

v.

**UNITED STATES, Defendant,**

**The Torrington Company, Defendant–Intervenor,**

**Federal–Mogul Corporation, Defendant–Intervenor.**

**Court No. 91–08–00571.**

United States Court of International Trade.

Oct. 14, 1993.

Adduci, Mastriani, Schaumberg & Schill, Louis S. Mastriani, and Gregory C. Anthes, Washington, DC, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis and Michael S. Kane (John D. McInerney, Acting Deputy Chief Counsel for Import Admin., Thomas H. Fine, and Craig R. Giesze, Attorney–Advisors, Office of the Chief Counsel for Import Administration, U.S. Dept. of Commerce, Washington, DC, of counsel), for defendant.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Myron A. Brilliant and Robert A. Weaver, Washington, DC, for The Torrington Company.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Larry Hampel and Joseph A. Perna, V, Washington, DC, for Federal–Mogul Corp.

## OPINION

TSOUCALAS, Judge:

Plaintiff, Allied–Signal Aerospace Company, Garrett Engine Division and Garrett Auxiliary Power Division ("Allied–Signal"), contest the remand results of the Department of Commerce, International Trade Administration ("Commerce"), in this case, claiming that they were unsupported by substantial evidence and not in accordance with law.

Allied Signal is an importer of bearings manufactured by SNFA Bearings, Ltd. ("SNFA"). In May 1989, Commerce published *Final Determinations of Sales at Less Than Fair Value: Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France* ("LTFV determination"), 54 Fed.Reg. 19,092 (1989). In this less than fair value ("LTFV") determination, Commerce assigned antidumping duty margins to French companies that exported antifriction bearings including SNFA.[1]

In the final results of the administrative review at issue, Commerce resorted to best information available ("BIA") and selected the highest dumping margins of any company from the LTFV determination. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany; Final Results of Antidumping Duty Administrative Review,* 56 Fed.Reg. 31,692, 31,705 (1991). On September 17, 1992, the Court of International Trade affirmed this determination. *Allied–Signal Aerospace Co. v. United States,* 16 CIT ——, 802 F.Supp. 463 (1992).

On June 22, 1993, the United States Court of Appeals for the Federal Circuit affirmed Commerce's use of a two-tier BIA methodology, but reversed the judgment of the Court of International Trade and stated that Commerce should have utilized the second tier. *See Allied–Signal Aerospace Co. v. United States,* 996 F.2d 1185 (Fed.Cir.1993). The Federal Circuit instructed Commerce to utilize the second tier of its BIA methodology stating that the ITA assigns to a respondent

---

1. *Id.* at 19,096. The ITA did not calculate a company-specific rate for SNFA; it assigned to SNFA's bearings the "all others" rate. *Id.*

the higher of its own prior LTFV rate or the highest rate calculated in the current administrative review. *Id.* at 1193. On July 27, 1993, in accordance with the Federal Circuit's instructions, this Court issued an order remanding the case to Commerce to recalculate the dumping margins at issue under the second tier of Commerce's two-tier BIA methodology. *Allied–Signal Aerospace Co. v. United States,* 17 CIT ——, 1993 WL 291668 (1993).

On September 1, 1993, Commerce completed its remand results with the revised dumping margins for SNFA using as BIA the "all others" rate from the LTFV investigation. *See Final Results of Redetermination Pursuant to Court Remand* at 2.

Plaintiff now claims that Commerce's remand results are not in accordance with the Federal Circuit's opinion because Commerce did not use the respondent's own rate from the LTFV determination and, furthermore, that Commerce's remand results are not in accordance with law or supported by substantial evidence. *Memorandum of Plaintiff in Opposition to Final Results of the Department of Commerce's September 2, 1993 Remand Redetermination* at 2. Plaintiff moved for oral argument on this issue which was opposed by defendant and defendant-intervenors. On October 12, 1993, the Court denied plaintiff's motion for oral argument on the grounds that oral argument was unnecessary.

The second tier of Commerce's BIA methodology is used for companies that "substantially cooperated with our [Commerce's] requests for information ... but failed to provide the information requested in a timely manner or in the form required." It is calculated by taking

the higher of: (1) the firm's LTFV rate for the subject merchandise (*or the "all-others" rate from the LTFV investigation, if*

*the firm was not individually investigated*), or (2) the highest calculated rate in this review for the class or kind of merchandise from the same country of origin.

*Allied–Signal,* 996 F.2d at 1188 (emphasis added).

In this case, SNFA was not individually investigated during the LTFV investigation. Therefore, Commerce selected from the highest of the "all others" rate from the LTFV investigation or the highest calculated rate in the review. Plaintiff claims that the "all others" rate is inappropriate since the Federal Circuit specifically stated that Commerce is to look at the respondent's *own* LTFV rate. What plaintiff is overlooking, however, is that in the absence of a respondent's own rate, the "all others" rate is the rate that applies to the respondent. Therefore, this Court affirms Commerce's remand determination and this case is hereby dismissed.

## JUDGMENT

This case, having been remanded by the Court on July 27, 1993, to the Department of Commerce, International Trade Administration, for recalculation of dumping margins, and Commerce, having completed such recalculation as published in its remand results dated September 1, 1993,

**IT IS HEREBY ORDERED** that said remand results are affirmed; and it is further

**ORDERED** that this case is dismissed.